**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA**

HOLLY SCARANGELLA,

Plaintiff(s),

vs.                                                                                      Case No. 8:25-cv-1622

GOVERNMENT EMPLOYEES INSURANCE COMPANY -         **COMPLAINT - JURY TRIAL DEMANDED**
GEICO, Inc.,

Defendant(s).

Plaintiff Holly Scarangella (Plaintiff), by and through her attorneys, the Law Office of Joseph T Peckham, PLLC (Joseph Peckham, Esq. of counsel), as and for Plaintiff's Complaint and Jury Demand in this action against Defendant Geico Insurance (Defendant or the Company), respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action against GOVERNMENT EMPLOYEES INSURANCE COMPANY (a/k/a 'GEICO Insurance') (Defendant) under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, et seq., the Pregnancy Discrimination Act (PDA), 42 U.S.C. § 2000e(k), the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-54, as well as Florida Civil Rights Act of 1992 (FCRA) Fla. Stat. § 760.01 et seq, for its unlawful discrimination and retaliation against Scarangella based on her pregnancy. This action seeks declaratory, injunctive, and equitable relief, as well as monetary damages, to redress Defendant's violations of the PDA.

2. After nearly eleven years of outstanding employment, Scarangella told Defendant about her pregnancies. Her first resulted in a miscarriage in or around October 2023. The second commenced in February 2024 and she made her employer aware of her pregnancy in March of 2024.

3. Defendant then retaliated against Ms. Scarangella when she was treated differently than other similarly situated employees through her termination on June 7th, 2024.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII, the PDA and the Family Medical Leave Act. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. Plaintiff's claim for attorney's fees and costs is conferred by the enforcement provisions of Title VII, 42 U.S.C. § 2000e-5 and          29

1

U.S.C.S. § 2617. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). All of the events alleged herein occurred within the State of Florida and at the time of the events giving rise to this litigation, all of the parties resided in Florida or were company(ies) registered to do business in Florida.

## PARTIES

6. Plaintiff Holly Scarangella is a citizen of the United States and a resident of Lakeland Florida and domiciled in Florida. Ms. Scarangella began working for Defendant or about August 13th, 2013 and worked for defendant continuously until her termination in June 7th, 2024. Her last position was as a Personal Injury Protection Supervisor.

7. Defendant GEICO is a business entity licensed under the laws of the State of Maryland. GEICO regularly does business and is registered to do business in the State of Florida.

8. At all relevant times, Defendant has been an employer within the meaning of Title VII. Defendant had 15 or more employees throughout the relevant time period.  Specifically, in the office where Plaintiff regularly worked and reported located at 3535 W Pipkin Rd, Lakeland, FL 33811 there were and are more than 100 employees employed.

## PROCEDURAL REQUIREMENTS

9. On March 23rd, 2025 Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in Miami, Florida. The charge was filed within 300 days of the occurrence of one or more of the alleged unlawful employment practices that violated 42 U.S.C. § 2000e, et seq.  The charge was also filed within 365 days of the occurrence of one or more of the alleged unlawful employment practices that violated § 760.10, Fla. Stat. et seq (FCRA).

10. On March 24th, 2025, the EEOC issued and the Plaintiff received a Notice of Right to Sue from the EEOC. Plaintiff is filing this complaint within 90 days of receiving the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

11. Ms. Scarangella began working for GEICO around August 13th, 2013 and her last position was as a Personal Injury Protection Supervisor.  Until she started working for Nicole Bello-Thomas she had an unblemished work history without any significant or meaningful employee discipline.

12. In February 2024, Ms. Scarangella became pregnant via Invitro fertilization (IVF).  On or about March 6th, 2024, Plaintiff found out that she was pregnant.

13. Plaintiff informed Defendant of her pregnancy on or about March 15th, 2024. The felicitations regarding Plaintiff's pregnancy were short-lived. Defendant's attitude and behavior toward Plaintiff changed shortly after it learned of her pregnancy. Soon after Ms. Scarangella Informed Defendant Geico that she was pregnant, Defendant Began to Discriminate against her.

2

14. Specifically, Bello-Thomas inquired 'how many hours of PTO do you have' or similar words at the same time that plaintiff's intermittent leave for FMLA was approved. GEICO approved her request for intermittent FMLA leave for pregnancy-related doctor's appointments in May 2024.

15. In May 2024, Ms. Scarangella noticed that a new class of 10 employees was being subjected to an uneven workload, which could have resulted in negative performance actions. This case load balancing was part of her core duties as a Personal Injury Protection Supervisor to assure that cases were handled expeditiously, timely and accurately She expressed her concerns to her supervisors, Nicole Bello-Thomas and Scott Bernstein, but they did not take any action.

16. On May 28, 2024, Ms. Scarangella sent a follow-up email about the workload disparity to Nicole Bello-Thomas's boss, Justin Oliva. Within one week, Ms. Bello-Thomas called Ms. Scarangella and was expressed that she was angry that Ms. Scarangella had reached out to Bello-Thomas's boss.

17. Contemporaneously with her expression of alarm regarding the case load balancing and also in May, 2024, Nicole Bello-Thomas was drafting paperwork to terminate one of Ms. Scarangella's subordinates, a Melissa Pierpont.

18. Bello-Thomas altered Ms. Scarangella's previously entered and submitted coaching notes for Pierpont. At the time Bello-Thomas declared she wanted to "make sure" Geico HR approved the termination of Pierpont. The editing materially changed what Ms. Scarangella had originally written, which created a false or fraudulent timeline.

19. During the first week of June 2024, Ms. Scarangella observed that the associate workloads were still being distributed unevenly. She endeavored to address this during a supervisors' meeting. Afterward, Nicole Bello-Thomas called Ms. Scarangella and expressed she was angry that Ms. Scarangella had spoken up in the meeting. Upon information and belief, the same day, Nicole Bello-Thomas requested to terminate Ms. Scarangella.

20. On June 7, 2024, Ms. Scarangella was terminated. Immediately and also on June 7th, 2024, Ms. Scarangella filed a Workday complaint (Geico internal system for addressing HR complaints ) that both she and Melissa Pierpont were wrongly terminated.

21. On June 30, 2024, Ms. Scarangella filed a complaint through the Berkshire Hathaway Ethics Department, which upon information and belief was investigated. Around July 31, 2024, Ms. Scarangella was informed that there was evidence that the coaching logs had been altered, but despite the alterations, both her and Melissa's terminations were upheld.

22. As a direct and immediate response to Plaintiff's engagement in protected activity, Defendant took adverse employment action[s] against her. Specifically, Defendant Geico acting through the person of Bello-Thomas and others, terminated Plaintiff's employment as retaliation for her exercising her lawful right to have leave under the FMLA and also retaliated against her for being pregnant and potentially needing leave under 42 U.S.C. § 2000e et seq.

23. Any documentation by Bello-Thomas or others at GEICO is purely pretextual to cover the real reason for Ms. Scarangella's termination which was that following GEICO's well documented reduction in force in 2023 Bello-Thomas did not want a Personal Injury Protection Supervisor out on maternity leave.

## STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF SEX/PREGNANCY DISCRIMINATION IN EMPLOYMENT

24. Plaintiff, as a pregnant female in the workplace, is a member of a class of citizens protected by Title VII, as amended by the PDA.

25. Defendant was aware of Plaintiff's pregnancy.

26. Defendant knowingly and intentionally discriminated against Plaintiff because of her sex and pregnancy when she was fired without lawful justification or for a pretextual justification.

27. At all relevant times, Plaintiff performed the functions of her job competently and was qualified for her position with Defendant.

28. Defendant treated Plaintiff less favorably than her similarly situated non-pregnant counterparts.

29. Defendant discriminated against Plaintiff because of her sex and pregnancy, in violation of Title VII, through adverse employment actions carried out by her Bello-Thomas and others.

30. Defendant's discriminatory adverse employment actions against Plaintiff included her termination from employment on June 7th, 2024.

31. The effect of the practices described above has been to deprive Plaintiff of equal employment opportunities, and to otherwise adversely affect her status as an employee because of her sex and pregnancy.

32. Defendant is liable for the acts and omissions of its agents and employees.

33. The sex- and pregnancy-related employment practices and other acts or omissions of Defendant and its agents, supervisors, and employees reflect Defendant's reckless, willful, and wanton indifference or hostility to Plaintiff's protected employment rights and status, directly and proximately resulting in such damages as may be proven at trial, including but not limited to lost income and benefits; lost employment opportunities; psychological, emotional, and mental anguish; distress, humiliation, embarrassment, and degradation; pain and suffering; and Plaintiff's attorney's fees in bringing this action.

### SECOND CLAIM FOR RELIEF RETALIATION IN EMPLOYMENT

4

34. Defendant retaliated against Plaintiff in violation of Title VII and the PDA.

35. Plaintiff engaged in protected conduct within the meaning of Title VII and the PDA on by opposing what she reasonably believed were unlawful discriminatory and retaliatory employment practices based on her sex, pregnancy, and protected conduct.

36. Plaintiff's protected conducted included requesting accommodation for her pregnancy including time off for illness as well as to attend to medical appointments.

37. Defendant actively discouraged Plaintiff from engaging in protected conduct by firing her.

38. In response to Plaintiff's protected conduct, Defendant retaliated against her through adverse employment actions carried out by its Bello-Thomas and/or other agents of the defendant.

39. Defendant's retaliatory adverse employment actions against Plaintiff included [describe the adverse employment action(s)].

40. Defendant treated Plaintiff less favorably than her similarly situated counterparts who did not engage in protected conduct.

41. The effect of these adverse actions has been to deprive Plaintiff of equal employment opportunities, and otherwise adversely affect her status as an employee, because she engaged in protected conduct.

42. Defendant is liable for the acts and omissions of its agents and employees.

43. The retaliatory employment practices and other acts or omissions of Defendant and its agents, supervisors, and employees reflect Defendant's reckless, willful, and wanton indifference or hostility to Plaintiff's protected employment rights and status, directly and proximately resulting in such damages as may be proven at trial, including but not limited to lost income and benefits; lost employment opportunities; psychological, emotional, and mental anguish; distress, humiliation, embarrassment, and degradation; pain and suffering; and Plaintiff's attorney's fees in bringing this action.

## THIRD CLAIM FOR RELIEF VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

44. At all relevant times, Plaintiff was an "employee" within the meaning of Family Medical Leave Act.

45. Defendant was aware of Plaintiff's leave because Plaintiff was granted leave on an intermittent basis by defendant for a qualifying condition which was pregnancy.

46. Defendant retaliated against Plaintiff when it terminated Plaintiff's employment as direct consequence of her exercising her lawful right to have intermittent leave related to her pregnancy.

5

## FOURTH CLAIM FOR RELIEF VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

47. At all relevant times, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act, and Defendant was an "employer" within the meaning of the FCRA. Specifically, Defendant GEICO employs more than fifteen people and did so throughout Plaintiff's employment with Defendant.

48. As outlined above, Defendant discriminated against Plaintiff because of her sex and pregnancy, which violated the FCRA.

49. Defendant's discrimination against Plaintiff was the direct and proximate cause of Plaintiff's injuries, damages, and losses.

50. Defendant's conduct was with malice or reckless indifference to Plaintiff's protected rights under the FCRA.

## FIFTH CLAIM FOR RELIEF RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

51. As outlined above, Defendant retaliated against Plaintiff.

52. Defendant's retaliatory conduct was the proximate cause of Plaintiff's injuries, damages, and losses.

53. Defendant's conduct was with malice or reckless indifference to Plaintiff's protected rights under the FCRA

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant:

1. Appropriate declaratory and other injunctive and/or equitable relief;

2. Compensatory and consequential damages, including damages for emotional distress, loss of reputation, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

3. All economic losses on all claims allowed by law;

4. Punitive damages on all claims allowed by law and in an amount to be determined at trial;

5. Pre- and post-judgment interest at the lawful rate; and

6. Any further relief that this court deems just and proper, and any other relief as allowed by law.

7

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: June 23, 2025

Respectfully submitted,

_____

Joseph T Peckham

Florida Bar No. 1024835

Law Ofc. of Joseph T Peckham, PLLC

7025 CR 46A Ste 1071-333

Lake Mary FL 32746

o:  407-789-2740

f: 407-986-4848

Joe.Peckham@jpeckhamlaw.com

**Attorney for Plaintiff**

8